IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

TOBIN COPELAND-TURNER,

        Plaintiff,

   v.

WELLS FARGO BANK, N.A., a foreign bank; GORILLA CAPITAL, INC., a foreign corporation, and NANCY K. CARY, an individual,

        Defendants.

No. 3:11-cv-37-HZ

OPINION & ORDER

Alex Golubitsky
CASE & DUSTERHOFF, LLP
The 9800 Professional Building
9800 S.W. Beaverton Hillsdale Hwy., Suite 200
Beaverton, Oregon 97005

    Attorney for Plaintiff

Robert J. Bocko
KEESAL, YOUNG & LOGAN
1301 Fifth Avenue, Suite 1515
Seattle, Washington 98101

    Attorney for Defendant Wells Fargo Bank

1 - OPINION & ORDER

HERNANDEZ, District Judge:

Plaintiff Tobin Copeland-Turner brought this foreclosure-related action against defendants Wells Fargo Bank, N.A., Gorilla Capital, Inc., and Nancy Cary. In a July 6, 2011 Opinion, I granted Wells Fargo's motion to dismiss based on federal preemption. Plaintiff voluntarily dismissed the other defendants and a Judgment in favor of defendants was entered August 5, 2011.

Wells Fargo then moved for a determination that it was entitled to fees under the Promissory Note and Deed of Trust. In an October 25, 2011 Opinion & Order, I granted Wells Fargo's motion. Wells Fargo now moves for an award of $107.296.20 in fees. I grant the motion in part and deny it in part.

## STANDARDS

Under Oregon law the prevailing party is "entitled to reasonable attorneys' fees in addition to costs and disbursements" in any action based on a contract that specifically provides for an award of attorney's fees to the prevailing party. Or. Rev. Stat. § (O.R.S.) 20.096(1). After determining that the contract allows for fees and which party is the prevailing party, the only relevant inquiry is whether the prevailing party's requested attorney's fees are reasonable. See, e.g., Benchmark Nw., Inc. v. Sambhi, 191 Or. App. 520, 523, 83 P.3d 348, 349 (2004) (under O.R.S. 20.096(1), an award of attorney's fees "is mandatory; [and] the trial court has no discretion to deny it, although it does have discretion as to what amount is 'reasonable.'"). Regardless of the basis for the fee award, the court has an independent duty to review a motion for attorney's fees for reasonableness. Gates v. Deukmejian, 987 F.2d 1392, 1401 (9th Cir. 1993).

Attorney fee awards under Oregon law are generally made in reference to the factors listed in O.R.S. 20.075(1) and (2).  Although the statute applies only to cases in which an award of attorney's fees is authorized or required by statute, the factors are relevant to determining the reasonableness of the fees based on a contract.  See Jackson & Perkins Wholesale, Inc. v. Smith Rose Nursery, Inc., No. CV-03-3091-PA, 2007 WL 2458785 at *1 (D Or. Aug. 23, 2007) (in assessing contractual fee award, court cited case law referencing factors comparable to or the same as those in ORS 20.075(2)).

DISCUSSION

I.  Reasonable Hourly Rates

Under O.R.S. 20.075(2), in determining a reasonable hourly rate, I consider the fee customarily charged in the locality for similar legal services, the experience, reputation, and ability of the attorney performing the services, and the skill needed to properly perform the services required.  Wells Fargo's lead attorney, Robert Bocko, has practiced law for twenty-five years.  Bocko Decl. at ¶¶ 1-4.  His practice focuses on civil litigation, with an emphasis on financial services disputes.  Id. at ¶ 4.  He has an AV rating through Martindale Hubbell, and is admitted to practice before all state and federal courts in Washington, Oregon, and Alaska, as well as the United States Court of Appeals for the Ninth Circuit and the United States Supreme Court.  Id.  His hourly rate for the work he performed on this case was $416.  Id.

Three associates and one paralegal also performed work on the case.  Nicolas Vikstrom, who received his law degree in 2006, charged $244 per hour.  Daniel Moore, a 2007 law school graduate, charged $290 per hour.  Hillary Thelan, who has worked as a litigation assistant/paralegal since 2006, charged $150 per hour.  Id. at ¶¶ 5-7.

Judges in the District of Oregon use the Oregon State Bar Economic Survey ("OSB Economic Survey") as a benchmark for assessing the reasonableness of hourly billing rates. E.g., McElmurry v. U.S. Bank Nat'l Ass'n., No. CV-04-642-HA, 2008 WL 1925119, at *3 (D. Or. Apr. 30, 2008) (the OSB Economic Survey "is a bellwether for the market price of attorney services in Portland, and the court affords it significant weight in at least establishing a starting point for reasonable rates.").

The most recent complete survey, from 2007, lists billing rates in Portland by the number of years admitted to private practice and by areas of private practice. For Portland lawyers with twenty-one to thirty years of experience, the 2007 average hourly rate was $277, and the median hourly rate was $275. For those with four to six years of experience, the average hourly rate was $188, and the median hourly rate was $185.

By area of practice, the 2007 average hourly rate for Portland attorneys engaged primarily in civil litigation, representing defendants (excluding insurance defense), was $249, and the median hourly rate was $238. Those who primarily practice business and corporate litigation in Portland had an average hourly rate of $283 and a median hourly rate of $275. An update by the OSB Business Litigation Section in March 2008 ("2008 Updated Business Survey") states that the average and median hourly rate for business litigation attorneys in Oregon at that time was $299.

All of the requested hourly rates exceed the relevant averages reflected in the 2007 OSB Economic Survey, even when an adjustment for the passage of time is considered. Bocko's requested rate exceeds the average from the 2008 Updated Business Survey. Wells Fargo suggests that the hourly rates it incurred in 2011 fall within the rates reflected in the 2008 Updated Business Survey because that survey shows that close to five-percent of the responding

4 - OPINION & ORDER

attorneys charged between $400 and $424 per hour, and ten-percent charged more than $424 per hour. Accordingly, Wells Fargo argues, Bocko's twenty-five years of experience justify his $416 hourly rate.

Aside from indicating that in 2008, some business attorneys in Oregon charged an hourly rate as high as, or slightly higher than, Bocko seeks in this case, Wells Fargo offers no basis for why Bocko should be awarded an hourly rate much higher than the average business litigator, or the average Portland practitioner with his years of experience. There will always be hourly rates at the high (or low) end of the spectrum. But, to adjust the rate from the average or median requires more than citing to the fact that some attorneys charge a higher hourly rate. Rather, the prevailing party must explain why the particular attorney deserves a rate at the high end of the spectrum for the work performed in this particular case. Wells Fargo fails to do that here.

Of all the relevant and median average rates shown in the 2007 OSB Economic Survey, $283 per hour for business litigation practitioners is the highest. By March 2008, the average hourly rate for such practitioners had risen to $299 per hour. Given that at the time the 2007 OSB Economic Survey was published, Bocko had twenty-one years of experience, and that he had twenty-two years of experience in 2008, a rate slightly higher than these averages is reasonable. I conclude that $310 per hour would have been a reasonable hourly rate for Bocko in 2008. Although Bocko states that his firm has raised its rates ten percent since 2008, Bocko Decl. at ¶ 9, the CPI Inflation Calculator available from the United States Department of Labor (available at http://www.bls.gov/data/inflation_calculator.htm), shows that $1.00 in 2008 has the same buying power as $1.05 in 2011. Using this calculator, the inflation-adjusted hourly rate for 2011 is $325.50. This is a reasonable rate for Bocko for the work performed in this case in 2011.

As explained below, I award all hours at Bocko's rate, making it unnecessary to determine a reasonable hourly rate for the other lawyers and the paralegal who performed work on the case.

II. Reasonable Number of Hours

The remaining factors of O.R.S. 20.075(2), which address the reasonable number of hours, include the time and labor required in the proceeding, the novelty and difficulty of the questions involved, and the amount involved and the results obtained.

Wells Fargo seeks fees for 306.5 hours it spent defending this case. Wells Fargo argues that the number of hours its counsel expended was reasonable because generally, plaintiff opposed every effort Wells Fargo made to simplify or shorten litigation, including seeking to remand the matter to state court after Wells Fargo removed it to federal court, failing to amend the original Complaint until after Wells Fargo drafted a motion to dismiss, vigorously opposing the motion to dismiss Wells Fargo filed against the Amended Complaint, and contesting Wells Fargo's contractual right to fees. Wells Fargo also argues that the issues addressed were complex and novel because no court had addressed the same issues raised in plaintiff's motion for remand or federal preemption as applied to Oregon laws. I agree that some of plaintiff's actions may have caused Wells Fargo's counsel to spend more time than what might be expected in a typical case dismissed before any discovery. I reject Wells Fargo's argument that the issues presented were novel and complex. While new in this District, several of the issues had been litigated in California and other states and the Oregon real estate statutes offered no basis for distinguishing those cases. My review of the time records submitted by Wells Fargo shows that Wells Fargo's requested number of hours is excessive.

A. Removal

6 - OPINION & ORDER

Plaintiff filed this case in state court on January 3, 2011. Wells Fargo removed the action to this Court on January 12, 2011, on the basis of federal question jurisdiction. Because removal is a completely voluntary choice by defendant to change courts, requiring plaintiff to pay for the time expended on the removal is not reasonable. I allow the 0.2 and 0.6 hours claimed by Bocko for his initial review of the Complaint on January 7, 2011, but I disallow the remaining time claimed on that date through January 10, 2011. Ex. A to Bocko Decl. at pp. 10-11. I allow the 0.6 hours Bocko spent on January 12, 2011 analyzing the Complaint, but disallow the remaining time spent on that date. Id. at p. 11. I allow the 0.2 hours claimed by Bocko on January 13, 2011 for preparing the mandatory corporate disclosure, the 0.2 hours he spent reviewing the Court's initial case assignment and scheduling order on January 13, 2011, and the 0.8 hours he spent analyzing the claims to develop a response strategy, but I disallow the other time claimed on that date as well as on January 14, 2011 and January 18, 2011, because it relates to the removal or involves communications with or research about the other defendants which should not be charged to plaintiff. I also disallow the 0.1 hour claimed on January 18, 2011 by Bocko for finalizing the corporate disclosure statement. On January 13, 2011, Bocko already billed 0.2 hours for preparing the statement, a one paragraph document which presumably uses boilerplate language. Additional time is not reasonable.

    B. Opposition to Plaintiff's Motion to Remand

On January 19, 2011, plaintiff moved to remand the case back to state court. Wells Fargo filed a written response to the motion on February 2, 2011, spending 32.4 hours researching and preparing the response, and an additional 4.0 hours on a request for judicial notice of several documents. Ex. A to Bocko Decl. at pp. 14-18.[1] Wells Fargo's opposition memorandum was

---

[1] On February 2, 2011, Bocko billed 3.4 hours for developing and revising the opposition memorandum, and for working on the judicial notice request. Because he did not segregate the time into discrete tasks, I have

7 - OPINION & ORDER

eleven pages long, excluding the certificate of service. One full page of the memorandum was devoted to the judicial notice request. Omitting the caption on the first page, the substantive portion of the opposition memorandum was approximately ten pages. Wells Fargo argued that plaintiff's breach of contract claim related to a contract between Wells Fargo and the federal government which was governed by federal law. In support of its argument, Wells Fargo relied on assertions of fact in plaintiff's Complaint and the language of the contract itself. Wells Fargo then distinguished a Fifth Circuit case relied on by plaintiff and argued that a Ninth Circuit case controlled the outcome.

The time records show that despite having already spent 1.2 hours researching authority to support removal based on a federal claim, Wells Fargo spent at least an additional 17 hours analyzing authorities for opposing plaintiff's motion to remand. See Ex. A to Bocko Decl. at pp. 14-17 (various time entries by Bocko and Vikstrom regarding "analyze authorities" for opposition to motion, "further analysis of authorities," "research case law," etc.). Of the entries that specify the nature of the research, several suggest that Wells Fargo spent time on a preemption argument it did not advance in opposition to the motion to remand.

Given Bocko's experience with mortgage-related cases and his more than twenty years as a litigator, the number of hours spent researching and writing the opposition memorandum and request for judicial notice was excessive. Spending nearly an entire week's worth of billing time on a ten-page motion, and a three-page declaration which did little more than recite the documents Wells Fargo sought to be judicially noticed, is an unreasonable amount of time given that the arguments were not overly complex. I award Wells Fargo 15 hours for preparing the written opposition to the motion to remand.

---

assumed he spent 1.7 hours on the substantive portion of the memorandum, and 1.7 hours on the judicial notice request.

Wells Fargo further seeks fees for 1.4 hours spent reviewing plaintiff's reply in support of the motion to remand. Bocko spent 0.8 hours and Vikstrom spent another 0.6 hours. The substantive portion of the reply memorandum was less than three pages. For experienced counsel like Bocko, spending 0.8 hours plus an additional 0.6 hours by a mid-level associate, is excessive. I award only the 0.8 hours to Bocko for this time. I also award Bocko 0.1 of the 0.2 hours Bocko spent on February 17, 2011 drafting a report to his client regarding plaintiff's reply memorandum.

Bocko spent approximately 9.2 hours preparing for oral argument on the remand motion beginning with 0.1 hour spent on March 4, 2011 reading a two-line court order setting the oral argument date. I recognize that billing in increments less than 0.1 hour is not feasible. But here, counsel already billed 0.2 hours on March 2, 2011 and 0.1 hour on March 3, 2011, time which I award, for corresponding with court staff regarding the time and date of the hearing. Billing for an additional 0.1 hour for reading a one-sentence order confirming information about the hearing already possessed by Wells Fargo's counsel, is not reasonable.

The other entries regarding oral argument on the motion to remand are 0.3 hours on March 4, 2011, 0.1 of the 0.2 hours billed on March 11, 2011 for a call by Bocko to his client regarding preparing for the hearing, 2.1 hours by Bocko on March 14, 2011 analyzing authorities to be argued in the hearing, 1.8 hours by Bocko on March 14, 2011 preparing for oral argument, and an additional 4.8 hours by Bocko on March 15, 2011 preparing for oral argument. Ex. A to Bocko Decl. at pp.

Bocko made an efficient and effective presentation at oral argument, which demonstrated that he was well prepared. Nonetheless, given that he already spent over 30 hours preparing his response memorandum and should have been fairly familiar with the authorities and arguments

9 - OPINION & ORDER

already, the additional 9 hours is excessive. I award Bocko 5.0 hours for preparing for oral argument.

Bocko claims an additional 1.2 hours for attending oral argument on March 15, 2011. The Court's record of the time of oral argument shows 0.5 hours. Giving Bocko time to get into and out of the courthouse, no more than 0.6 hours is warranted.

I grant Bocko the 0.2 hours he spent on March 15, 2011 communicating with his client after the hearing and reading the court minute order regarding the hearing, as well as the 0.3 hours spent by Bocko on March 17, 2011 reading the Opinion & Order I issued denying the motion to remand and the 0.2 hours Bocko spent communicating with the client about that Opinion and Order.

C. Motion to Dismiss

The Opinion & Order denying plaintiff's motion to remand required Wells Fargo to respond to the Complaint within twenty days, or by April 6, 2011. Instead, plaintiff filed an Amended Complaint on April 13, 2011. Wells Fargo filed a motion to dismiss the Amended Complaint on April 21, 2011.

Wells Fargo claims approximately 70 hours for time spent on the motion to dismiss[2], more than 50 hours for time spent reviewing plaintiff's opposition to the motion and preparing a reply to the motion, and more than 15 hours preparing for and attending oral argument on the motion.[3] Ex. A to Bocko's Decl. at pp. 19-45. The cumulative time is excessive.

---

[2] The first entry I found regarding the analysis and preparation of a motion to dismiss was Vikstrom's February 14, 2011 entry for 0.5 hours on "Iqbal/Twombly Defenses to Claims as Alleged." Ex. A to Bocko Decl. at p. 19. I reviewed all entries commencing with Vikstrom's entry through April 21, 2011, the date the motion to dismiss was filed. I attempted to add all hours I found directly concerning the analysis and preparation of the motion, supporting memorandum, and supporting declarations. Even still, this figure is on the low end of the hours claimed because I did not include time expended by counsel if it indirectly related to the motion to dismiss.

[3] Court records show that oral argument on the motion to dismiss lasted 2.0 hours, leaving 13 hours for preparing for oral argument.

10 - OPINION & ORDER

Wells Fargo devoted more than 40 hours to preparing a motion to dismiss the original Complaint before even conferring with plaintiff's counsel in an attempt to convince plaintiff to dismiss or amend his claims. See Id. at pp. 19-27 (showing various entries beginning February 14, 2011 related to the motion to dismiss and continuing to the March 15, 2011 entry of meeting with plaintiff regarding filing a dispositive motion and discussion of agreement to further discuss defenses to plaintiff's claims). Expending some amount of time before conferring with opposing counsel in order to research the claims and prepare a convincing position to present during the conferral is appropriate. However, Wells Fargo's hours are excessive. Plaintiff's original Complaint contained several claims, some of which were convoluted. But, with seasoned financial services counsel representing Wells Fargo, 40 hours spent developing a position to use in the conferral process is too much. Moreover, given that Wells Fargo's primary argument in support of its motion to dismiss was based on federal preemption, and this applied to most, if not all, of plaintiff's claims, it is unclear why so much time was needed to prepare the motion before initiating the conferral process. Ultimately, plaintiff dropped most of his claims and filed an Amended Complaint raising one claim, based on three theories.

Although Wells Fargo appears to have used some of the work performed by counsel in preparation of the original motion in support of the motion Wells Fargo subsequently filed to dismiss the Amended Complaint, Wells Fargo's decision to expend dozens of hours on a motion to dismiss a Complaint before even conferring with opposing counsel is troubling. Given the total number of hours spent on the motion, Wells Fargo's decision causes me to conclude that some of that time was unnecessary when several of the claims were subsequently dropped. See Ex. A to Bocko Decl. at pp. 35-36 (showing time entries after the April 13, 2011 filing of the

Amended Complaint in which counsel spent time revising and modifying the motion in light of the amendments).

The briefing in support of the motion to dismiss, with its alternative motion for summary judgment, was thorough, well researched, and well argued. Nonetheless, my conservative figure of more than 70 hours spent on the initial filing and supporting materials is more than double the time I find to be reasonable given the expertise counsel professes to hold and the issues involved. I award 35 hours for preparing the initial motion.

Plaintiff's opposition to the motion raised several issues, ranging from the Tenth Amendment to partial performance excusing the necessity of complying with the statute of frauds. While some of these arguments were novel and likely caused Wells Fargo to expend more time crafting a reply memorandum than one might ordinarily anticipate, Wells Fargo again claims an unreasonable number of hours. Wells Fargo cannot simultaneously contend (1) that its counsel deserves an hourly rate at the high end of the spectrum because of his experience and expertise and (2) that it took more than 50 hours to prepare a twenty-page reply memorandum, especially when Wells Fargo already expended more than 70 hours on its initial filing. See, e.g., Gardner v. Martino, No. CV-05-769-HU, Findings & Rec. at p. 23 (D. Or. June 15, 2006) (explaining that when senior lawyers work on a case, court expects to find fewer hours billed than if work is performed by junior counsel), adopted by Judge Brown (D. Or. Sept. 20, 2006). I find that 20 hours is a reasonable amount of time for reviewing plaintiff's response and preparing the reply memorandum.

Wells Fargo seeks an additional 13 hours for preparing for and attending oral argument. I award the 2 hours spent arguing the motion. But, given that Wells Fargo's counsel just spent more than 50 hours preparing the reply memorandum, which was filed only two weeks before

12 - OPINION & ORDER

oral argument, 13 additional hours to prepare for argument is unreasonable. I find that 5 additional hours is reasonable.

An Opinion & Order granting Wells Fargo's motion to dismiss was filed on July 6, 2011. I award the 0.6 hours Bocko spent on that date reviewing the decision.

D. Entitlement to Attorney's Fees

Because plaintiff disputed whether Wells Fargo was entitled to attorney's fees based on the real estate loan documents, Wells Fargo was forced to litigate that issue by filing a motion. Although the time records indicate that Wells Fargo's counsel spent almost 1 hour on the fee issue early on in the case in March 2011, the bulk of the work on the fee issue was performed in July and August 2011, after the Opinion & Order granting Wells Fargo's motion to dismiss was filed. Ex. A to Bocko Decl. at pp. 25-26, 29, 49-56. It appears that Wells Fargo's counsel spent more than 16 hours researching and preparing the motion for attorney's fees. Id. (showing 10.4 hours by Bocko and 5.7 hours by Vikstrom between July 15, 2011 and August 15, 2011, directly researching and preparing the motion). Additional time was spent discussing the issue with plaintiff's counsel and the client as part of a possible settlement and an appeal. There was also time spent on a motion to extend time and an additional motion Wells Fargo filed to clarify that the motion for attorney's fees it previously filed was meant to determine only its entitlement to fees and that the actual fee request would be submitted later, if Wells Fargo was successful on its entitlement argument.

Because of the nature of the claim presented in the Amended Complaint, the entitlement to fees was not straightforward. While the claim on its face did not purport to be a breach of contract claim, an analysis of the history of the litigation and the relief sought was required to

establish that the claim actually triggered the fee provision in the real estate documents. I award Wells Fargo 20 hours for the time spent on the fee motion.

Wells Fargo also spent more than 30 hours analyzing plaintiff's opposition and preparing a reply memorandum, and another 8.5 hours preparing for and attending oral argument on the motion. Ex. A to Bocko Decl. at pp. 58-62, 63[4]. Wells Fargo's hours are again excessive. Plaintiff filed a six-page response to Wells Fargo's motion, including an introduction and certificate of service. Plaintiff raised only two arguments in opposition to Wells Fargo's requested right to attorney's fees. A reasonable number of hours for reviewing plaintiff's response and preparing a reply is 15. And, given that Wells Fargo spent more than 30 hours reviewing the response and preparing its reply, it did not need an additional 7.9 hours to prepare for oral argument. 5 hours is sufficient, plus the additional 0.6 hours for attending the oral argument.

E. Other Issues

Plaintiff challenges the time Wells Fargo's counsel spent researching whether it had a duty to indemnify defendant Cary and the time spent conferring with counsel for other defendants. Wells Fargo concedes that time spent considering whether it had a duty to indemnify the trustee should not be shifted to plaintiff. Wells Fargo argues, however, that all other time it spent conferring with the other defendants was reasonable because time spent coordinating a cooperative defense streamlined the litigation.

I agree with plaintiff. Neither of the other defendants made an appearance in the case. While Wells Fargo was free to communicate and coordinate with the other defendants, the right to attorney's fees applies only to the time Wells Fargo spent defending the claims brought

---

[4] Court records show that oral argument on the motion for attorney's fees lasted 40 minutes, or 0.6 hours, meaning counsel spent 7.9 hours preparing for the argument.

14 - OPINION & ORDER

against it. Given that Wells Fargo's claimed hours are, as demonstrated in this Opinion, routinely excessive, it is hard to take seriously Wells Fargo's contention that its coordination with the other defendants streamlined the litigation.

In addition to the time awarded above, I award an additional 15 hours for time counsel spent on items such as motions to extend, conferring with the client, and conferring with plaintiff's counsel, and preparing the actual attorney's fee petition.

Because I have determined that the reasonable number of hours is substantially fewer than Wells Fargo claims, I award all of the time at Bocko's hourly rate. The total number of hours is 143.3 which sufficiently accounts for the time and labor required, the difficulty and novelty of the questions presented, and the skill required to perform the services. Finally, I note that although Wells Fargo achieved a complete victory in the case, it did so on a motion to dismiss, before engaging in any discovery in the case. Awarding any additional amount would be unjust under these circumstances.

The total amount awarded is $46,644.15 (143.3 hours multiplied by $325.50 per hour).

## CONCLUSION

Wells Fargo's motion for fees [47] is granted in part and denied in part. Wells Fargo is awarded $46,644.15 in fees.

IT IS SO ORDERED.

Dated this   11th   day of  January  , 2012

　　　　　　　　　　　　　　　　　　　　 /s/ Marco A. Hernandez
　　　　　　　　　　　　　　　　　　　　Marco A. Hernandez
　　　　　　　　　　　　　　　　　　　　United States District Judge

15 - OPINION & ORDER